United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

                    Plaintiff,

            v.

DONGQUAN "DEREK" JIN, YIMIN "KELLY" LU,

                    Defendant.

Case No.  3:24-cr-00472-CRB-1, 2

**ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL**

The Court provides the following guidance to the parties in anticipation of the upcoming trial in this matter.

TRIAL DATE

Jury selection set for March 4, 2027 at 9:15 a.m.  Jury trial will begin on March 8, 2027 at 9:00 a.m., in Courtroom 6, 17th floor, 450 Golden Gate Avenue, San Francisco, California.  The length of trial will be not more than 15 days.

DISCOVERY

Both sides will comply with their discovery obligations under applicable law.

PRETRIAL CONFERENCE

A pre-trial conference will be held on February 25, 2027 at 2:00 p.m., in Courtroom 6.  It shall be attended by the attorneys who will try the case.  Counsel shall comply with Crim. L.R. 17.1-1(b).

JURY INSTRUCTIONS

Jury instructions § 1.1A through § 1.11, § 3.1 through § 3.8 and § 7.1 through § 7.5 from the Manual of Model Jury Instructions for the Ninth Circuit (2010) will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, ordered in a logical sequence, and a table of contents using the Ninth Circuit Manual where possible, by February 8,

United States District Court
Northern District of California

2027.  Any instructions on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents in the place where the party proposing the instruction believes it should be given.  Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.  Counsel for the United States shall submit a verdict form.  The attached voir dire will be given to the venire members.  Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree shall be submitted separately.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.

Any motions in limine should be noticed for hearing at the pretrial conference.  Motions in limine will be fully briefed by February 4, 2027.  Parties are to confer re the briefing schedule.

By February 8, 2027,  the proposed jury instructions, witness list, exhibit list, proposed verdict forms and proposed voir dire shall be submitted (A) on a CD or USB drive in Word 10.0 format, (B) in Judge Breyer's proposed order email address (crbpo@cand.uscourts.gov) in Word format, as well as (C) in hard copies.  The defendant will file their witness and exhibit lists no later than March 8, 2027. All hard-copy submissions should be three-hole punched on the left, so that the chambers' copy can be put in binders.

JURY SELECTION

The Jury Commissioner will summon prospective jurors.  The Court will address the possible use of jury questionnaires with counsel at the pretrial conference.

On the day of jury selection, the Courtroom Deputy will seat the prospective jurors in the courtroom in the order in which their names are called.  Voir dire will be asked of all the venire persons so that twelve (plus a sufficient number for alternates) will remain after all preemptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges and discuss hardship claims from the individual jurors, at side bar.  The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed.

Preemptory challenges will be made in writing and passed between counsel in accordance with Crim L.R. 24-2 and 24-3.  The Court will strike the persons with meritorious hardships, those excused for cause, and those challenged preemptorily, and call the first twelve people (plus alternates) in numerical sequence remaining.  Those twelve people will be the jury.

Jurors may take notes.  Steno notebooks will be distributed at the beginning of each trial. The pads will remain in the jury room at the end of each day.  Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

EXHIBITS

Counsel must meet and confer in person over all exhibit numbers and objections and to weed out duplicative exhibits.  Please be reasonable.

Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions.  Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  A single exhibit should be marked only once.  If the plaintiff has marked an exhibit, then the defendant should not re-mark it. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits.  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit number differs from that used in a deposition transcript, however, then the latter must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers).  The jury should always hear any given exhibit referred to by its unique number.  You cannot have competing versions of the same exhibit numbers.

**Exhibit tags:** Exhibits must be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface.

**Bench copy:** Deposit your exhibits with the deputy clerk, Lashanda Scott, on the first day of trial.   A bench binder containing a copy of each side's exhibits must be provided to the Court on the first day of trial.  Each exhibit must be separated with a label divider. Please use 1-1/2-inch binders with locking rings.  (Heavier binders are too hard to handle.)

United States District Court
Northern District of California

PRETRIAL ARRANGEMENTS

Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at Transcripts@cand.uscourts.gov, at least ten calendar days prior to the trial date.  If you are appointed pursuant to the CJA, daily transcript requests must be made through eVoucher.  Counsel should contact Diana Weiss, CJA Supervising Attorney, at 415-522-2822, prior to ordering daily transcripts.

SCHEDULING

The normal trial schedule will be 9:15 a.m. to 4:00 p.m. with two fifteen-minute breaks and a lunch break.  Counsel must arrive by 8:45 a.m., or earlier as needed for any matters to be heard out of the presence of the jury.  Please be prepared to start with the jury at 9:15 a.m.  The trial week is Monday through Friday except for all federal court holidays.

**IT IS SO ORDERED.**

Dated:   April 7, 2026

CHARLES R. BREYER
United States District Judge

PLEASE ANSWER THE FOLLOWING QUESTIONS

WHEN DIRECTED TO DO SO BY THE COURT

1.    State your name.

2.    State your city of residence and how long you have lived there.

3.    State how long you have lived in California.

4.    State your occupation, (if retired or unemployed, state your previous occupation(s)

5.    State your marital status.

6.    If married, state your spouse's occupation.

7.    If you have children, state their ages and the occupation of any adult children.

8.    If you have had previous military service, state the branch of the service and your duties while in the service.

9.    If you have had previous jury service, including grand jury service, state where and when you were a juror.  Also state whether the cases(s) was civil or criminal.  Did the jury return a verdict?

      **DO NOT STATE WHAT THE VERDICT WAS**.

10.   Is there any reason why you could not be fair and impartial in a case of this nature?

5